```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - -x    07-CIV
U2 HOME ENTERTAINMENT, INC.,                :
                                            :
                Plaintiff,                  :
                                            :
        vs.                                 :
                                            :
"JOHN DOES" I THROUGH V DOING BUSINESS      :
AS "BROADWAY AUDIO"                         :
                                            :
                Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - -x
```

Plaintiff U2 Home Entertainment, Inc., by its attorneys Sargoy, Stein, Rosen & Shapiro, for its complaint against "John Does" I through V doing business as "Broadway Audio" states as follows:

**FIRST CAUSE OF ACTION**

1. This action arises under the copyright laws of the United States (Title 17, United States Code). Jurisdiction is conferred upon this Court by 28 U.S.C. §1338(a). Venue is proper in this district pursuant to 28 U.S.C. §1400(a).

2. Plaintiff U2 Home Entertainment, Inc. is a corporation duly incorporated and operating under the laws of the State of California, that does business under the names Century Home Entertainment, New Image Audio & Video and Tai Seng Entertainment formerly Tai Seng Video Marketing. Plaintiff is engaged in the business of, <u>inter alia</u>, licensing feature motion picture and television programming in the Chinese language

(Cantonese and Mandarin) and other Asian languages produced in Asia and distributing copies to video outlets in the United States in the form of videocassettes, laser discs, video compact discs ("VCDs") and digital versatile discs ("DVDs").

3. Upon information and belief, "Broadway Audio" is a business entity of unknown form that is not registered to do business in the State of New York. "Broadway Audio" owns and operates a videocassette and videodisc retail store which distributes Asian language motion pictures and television programs from its location at 39 East Broadway, New York, New York 10002.

4. Upon information and belief defendants "John Does" I through V are individuals whose identities are currently unknown to plaintiff, who own and/or operate and/or have a financial interest and the right and ability to control the operation of the business known as "Broadway Audio".

5. At all times material hereto, plaintiff was and is the sole and exclusive licensee in the United States for the importation, reproduction and distribution of certain Asian language motion pictures which consists of theatrical motion pictures and television programs originally produced and released in various Asian countries. Plaintiff imports or reproduces these works on videocassette, laser disc, VCDs and/or DVDs for distribution in the home video market in the United States. These motion pictures are produced by various

2

corporations and other entities in Asia, (hereinafter referred to as "Plaintiff's Licensors"). An non-exhaustive list of the motion pictures at issue herein in which plaintiff owns exclusive copyright and trademark rights and which are currently registered in the United States Copyright Office and the United States Patent and Trademark Office or for which there are applications for copyright registration pending or which are protected under international copyright conventions is attached hereto as Exhibit A and is incorporated herein by reference. These motion pictures including but not limited to the titles attached hereto as Exhibit A, may hereinafter be referred to as "Plaintiff's Motion Pictures".

6. Plaintiff or Plaintiff's Licensors has complied with all statutory formalities required by the Copyright Act, including renewals, where required, to maintain the validity of the registered copyrights in Plaintiff's Motion Pictures.

7. Upon information and belief, defendants have from time to time within the past three years engaged in or authorized the illegal and unauthorized importation and/or duplication of certain of plaintiff's copyrighted motion pictures.

8. Upon information and belief, defendants have from time to time within the past three years unlawfully distributed illegally imported and/or illegally reproduced videocassettes, laser discs, VCDs and/or DVDs of certain of plaintiff's copyrighted motion pictures.

9.  Plaintiff has never authorized defendants, by license or otherwise, to import, duplicate or distribute such illegally imported and/or duplicated copies.

10. Defendants' acts, as hereinabove alleged, are infringements of plaintiff's exclusive rights under Copyright.

11. Defendants have continued to infringe said copyrights, and unless temporarily, preliminarily and permanently enjoined by order of this Court, will continue to infringe said copyrights, all to plaintiff's irreparable injury.  Plaintiff is without an adequate remedy at law.

12. Plaintiff has sustained, and will continue to sustain, substantial injuries, loss and damage to its exclusive rights under copyright in Plaintiff's Motion Pictures, and further has and will sustain damages from the loss of value of its exclusive rights by reason of defendants' conduct.

### SECOND CAUSE OF ACTION

13. Plaintiff repeats and realleges the allegation of paragraphs 1 through 12 above as if fully set forth.

14. Defendants have committed all the aforesaid acts of infringement deliberately and willfully.

### THIRD CAUSE OF ACTION

15. Plaintiff incorporates by reference the allegations set forth in Paragraphs 2 through 14.

16. This cause of action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).  Jurisdiction is conferred upon this

Court by 15 U.S.C. §1121 and 28 U.S.C. §1338(a).

17. Plaintiff is engaged in interstate commerce in the production, distribution and licensing of copyrighted motion pictures.

18. Plaintiff is the owner of United States Trademark Registration 2,894,529 TAI SENG ENTERTAINMENT with design which was registered on October 19, 2004, which trademark remains in full force and effect. Previously, plaintiff held the United States Trademark Registration 1,869,343, TAI SENG VIDEO MARKETING INC. which was registered on December 27, 1994.

19. Defendants have distributed, and offered to distribute to the general public unauthorized videocassettes, laser discs, VCDs and/or DVDs of motion pictures, including but not limited to those listed in Exhibit A. Many of these copies bear trademarks, tradenames and designations of origin indicating that they originated with plaintiff or Plaintiff's Licensors. Further, as the purchasing public is aware of plaintiff's rights to distribute certain of Plaintiff's Motion Pictures, defendants' distribution of unauthorized copies of Plaintiff's Motion Pictures gives the impression that these copies are authorized by plaintiff, regardless of whether the copies bear plaintiff's trademarks and tradenames.

20. The defendants' acts violate 15 U.S.C. §§ 1114 and 1125(a) in that the defendants have knowingly and deliberately used in commerce counterfeit reproductions and false designation

5

of origin, false and/or misleading description of fact and false or misleading representation of fact, including trademarks, words or other symbols tending falsely to describe or represent the same and has caused such goods to enter into commerce. Plaintiff believes that it has been, is and is likely to be damaged by such false descriptions and representations because of the likelihood that the public will be deceived as to the true source, sponsorship or affiliation of defendants' illegal copies.

21. This conduct by defendants has created and will create confusion among members of the general public and the motion picture industry, and will cause irreparable and immediate injury to plaintiff for which plaintiff has no adequate remedy at law.

22. By reason thereof, plaintiff has sustained substantial monetary injuries, loss and damages, and will sustain further irreparable injury and damage if said wrongful acts are not enjoined or otherwise prevented.

WHEREFORE, plaintiff prays for judgment as follows:

1. That defendants be enjoined permanently from:

(a) importing, duplicating, manufacturing and/or copying any of Plaintiff's Motion Pictures;

(b) renting, selling, lending, exchanging, trading or otherwise distributing any unauthorized videocassettes, laser discs, VCDs and DVDs or other unauthorized copy of Plaintiff's

6

Motion Pictures; or which bears the trademark, tradename or logo of the plaintiff or Plaintiff's Licensors;

(c)  offering to do any of the acts enjoined in subparagraphs (a) and (b) above;

(d)  from in any manner infringing or contributing to or participating in the infringement by others of any of the copyrights or trademarks in Plaintiff's Motion Pictures, and from acting in concert with, aiding or abetting others to infringe any of said copyrights and trademarks in any way; and

(e)  using the titles of the motion pictures in which plaintiff owns exclusive rights under copyright, trademarks, tradenames or logos of plaintiff, in connection with unauthorized videocassettes, laser discs, VCDs and DVDs in a manner which is likely to cause confusion as to their source or is otherwise likely to cause confusion, mistake or deception in connection with the distribution, advertising, promotion and sale of videocassettes, laser discs, VCDs and DVDs of motion pictures in which plaintiff owns exclusive rights under copyright;

2.  That the defendants be required to deliver upon oath, to be impounded during the pendency of this action, all negatives, positive film prints, transcriptions, recordings, video masters or videocassettes, laser discs, VCDs, DVDs, computers, video copying equipment, and photocopy machines used for manufacture of unauthorized packaging held for delivery or

7

under their control, under whatever name of the subject as may have been affixed thereto, as are herein alleged to infringe or to have been used to infringe any of the copyrights and trademarks aforesaid; and that an Order of Seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act, the Lanham Act and the Federal Rules of Civil Procedure; and that at the conclusion of this action, the Court shall order all such material so held to be surrendered to plaintiff or to be destroyed under an Order issued under 17 U.S.C. §503, whichever shall seem to this Court to be most just and proper;

3.  That, with respect to the first and second causes of action, defendants be required to pay to plaintiff statutory damages, if plaintiff so elects, of up to $30,000 for each copyrighted work infringed for all infringements with respect to that work.  If the Court finds that any infringement was committed willfully, plaintiff prays for statutory damages, if plaintiff so elects, of up to $150,000 for each copyrighted work infringed for all willful infringements with respect to that work;

4.  That with respect to the third cause of action, defendants be required to account for and pay to plaintiff any and all profits derived by defendants from the distribution of infringing goods and all damages sustained by plaintiff by reason of defendants' false designations of origin, descriptions

and representations;

5.  That plaintiff recovers its costs of suit including reasonable attorneys' fees incurred herein; and

6.  That plaintiff have such other and further relief as this Court deems just and proper.

Dated: __9/17__, 2007     SARGOY, STEIN, ROSEN & SHAPIRO

By: _____
Harvey Shapiro
Attorneys for Plaintiff
1790 Broadway, 14TH Floor
New York, New York  10019
(212) 621-8224

9

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America



Form PA
For a Work of Performing Arts

PAu3-098-843

EFFECTIVE DATE OF REGISTRATION

11 / 3 / 06
Month / Day / Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1** TITLE OF THIS WORK ▼

The Young Warriors (Episodes 1-43)

PREVIOUS OR ALTERNATIVE TITLES ▼

少年楊家将

NATURE OF THIS WORK ▼ See instructions

MOTION PICTURE WITH CHINESE SOUNDTRACK

**2 a** NAME OF AUTHOR ▼

Chinese Entertainment International Limited

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of B.V.I.
     Domiciled in _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
OR { Citizen of _____
     Domiciled in _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
OR { Citizen of _____
     Domiciled in _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3 a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
2006  Year  In all cases.

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month _____ Day _____ Year _____
Unpublished                          Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Chinese Entertainment International Limited
c/o Century Home Entertainment
180 South Spruce Ave Suite 250, South San Francisco, CA 94080

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
OCT 1 0 2006
ONE DEPOSIT RECEIVED
OCT 1 0 2006  (8)½"VT/D
TWO DEPOSITS RECEIVED

FUNDS RECEIVED
FUNDS RECEIVED NOV 0 3 2006

---

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

| EXAMINED BY | KS | | FORM PA |
|---|---|---|---|
| CHECKED BY | | | |
| ☐ CORRESPONDENCE Yes | | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼ If your answer is No, do not check box A, B, or C.
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼    Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
**Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6** a

Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                                    Account Number ▼

CENTURY HOME ENTERTAINMENT                                 DA077623

**7** a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
Alan T. Huie, Esq.
CENTURY HOME ENTERTAINMENT
180 South Spruce Avenue, Suite 250
South San Francisco, CA 94080

Area code and daytime telephone number ( 650 ) 871-8761    Fax number ( 650 ) 871-2887
Email alanhuie@taiseng.com

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of CENTURY HOME ENTERTAINMENT
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Alan T. Huie, Esq.                                         Date 6/3/2016

Handwritten signature (X) ▼
x [signature]

| Certificate will be mailed in window envelope to this address: | Name ▼ CENTURY HOME ENTERTAINMENT |
|---|---|
| | Number/Street/Apt ▼ 180 South Spruce Avenue, Suite 250 |
| | City/State/ZIP ▼ South San Francisco, CA 94080 |

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: June 2002—20,000  Web Rev: June 2002  ⊕ Printed on recycled paper                                         U.S. Government Printing Office: 2000-461-113/20,021