```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x    07-CIV-
U2 HOME ENTERTAINMENT, INC.,                :
                                            :
              Plaintiff,                    :
                                            :
         vs.                                :
                                            :
"JOHN DOES" I THROUGH V DOING BUSINESS      :
AS "BROADWAY AUDIO"                         :
                                            :
              Defendants.                   :
                                            :
- - - - - - - - - - - - - - - - - - - -x
```

**HARVEY SHAPIRO AFFIRMATION**

HARVEY SHAPIRO, hereby affirms and states under penalty of perjury prescribed by 28 U.S.C. § 1746:

1.  I am an active member of the bar of the State of New York and an attorney with the law firm of Sargoy, Stein, Rosen & Shapiro. This affirmation is submitted in support of plaintiff's <u>ex parte</u> application for the issuance of an Order of Seizure. The need for an Order of Seizure is particularly acute in this case because defendants "John Does" I through V doing business as "Broadway Audio" are engaged in the distribution and/or duplication of illegal copies of plaintiff's motion pictures.

2.  Plaintiff is a company engaged in, <u>inter alia</u>, the business of distributing theatrical motion pictures and television programs in Chinese language dialects and other Asian

languages produced in Asia for home video markets in the United States. Plaintiff distributes these copyrighted works in the form of videocassettes, laser discs, video compact discs and digital versatile discs. At all times relevant herein, plaintiff was and is the exclusive licensee for markets throughout the United States, including New York, for the distribution of certain theatrical motion pictures originally released in Asia, and of television programming originally broadcasted in Asia. A schedule of certain of the copyrighted works in which plaintiff holds exclusive rights is attached to the Complaint as Exhibit A. These works are imported by plaintiff into the United States for duplication and distribution to the home video market in the United States. (These motion pictures may hereinafter be referred to as "Plaintiff's Motion Pictures".)

3. An investigator was able to obtain the name of defendants' store, "Broadway Audio". However, according to the New York Department of State, "Broadway Audio" is not a business entity, currently active or inactive under the laws of the State of New York. Despite a diligent effort, plaintiff is unable to identify any of the individuals responsible for owning and/or operating the store. Therefore, the complaint names "John Does" as defendants. The clandestine business operations of the defendants further evidence that their copyright infringement is willful.

4. "John Does" I through V are individuals unknown to plaintiff, who may own and/or operate and/or have a financial interest and the right and ability to control the operation of "Broadway Audio".

5. As set forth in the accompanying affidavits, defendants have distributed unauthorized copies of plaintiff's copyrighted motion pictures. The unauthorized copies distributed or offered for distribution by defendants have been illegally duplicated and/or illegally imported into the United States; and thereafter distributed by defendants to the public in violation of plaintiff's exclusive rights under Copyright.

6. As set forth in greater detail in the affidavit of Lynda Hung, Associate Counsel for plaintiff has exclusive distribution rights to the copyrighted motion pictures including but not limited to those titles listed in Exhibit A to the Complaint. As such, plaintiff has the exclusive right to import copies, to duplicate copies, and to distribute copies to the public of each such motion picture.

7. Plaintiff is irreparably damaged by the illegal duplication, importation and distribution of unauthorized copies of works for which it holds exclusive rights. Not only are sales of legitimate copies by plaintiff supplanted by such illegal copies, but the entry of illegal copies into the stream of commerce damages plaintiff's business in its entirety. These acts are grave treats to my client's business.

8. As set forth in the affidavit of Judy Yang herewith, Ms. Yang visited defendants' store and purchased videodiscs that are unauthorized copies of motion pictures distributed by plaintiff. Ms. Hung confirmed that the copies Ms. Yang purchased are unauthorized copies in that they are illegally duplicated copies. In addition to the copies purchased, Ms. Yang was able to determine that approximately 60 unauthorized copies of Plaintiff's Motion Pictures were in defendants' retail store available for distribution. Each of these discs has approximately 10 episodes of a television series on each disc for a total of 600 episodes infringed.

9. It is evident from Ms. Hung's affidavit in support of this application, that the unauthorized copies distributed by defendants are easily identified as such because they have sticker labels, lack a professional appearance and lack plaintiffs trademarks, labeling, tradenames, copyright notices or copyright warnings.

10. In order to stop this illegal and willful infringement of Plaintiff's Motion Pictures, it is requested that an Order of Seizure be issued allowing the United States Marshal to seize the illegally duplicated and/or illegally imported copies of Plaintiff's Motion Pictures. If at the time of the seizure it is determined the defendants are duplicating copies of Plaintiff's Motion Pictures, the proposed Order provides that any equipment being used by defendants to duplicate those copies

4

is also subject to seizure. Further, plaintiff requests that if records from defendants' store identify the "John Doe" defendants that such records be seized as well. Plaintiff respectfully requests that an Order of Seizure be issued without notice to defendants and that the case file be sealed temporarily because, if notice is given, plaintiff will be denied meaningful relief because videocassettes and videodiscs are small, lightweight and easily portable. Further, dealers in unauthorized copes are well aware of the legal consequences of their actions, since 1) warnings of the civil and criminal penalties for copyright infringement appear prominently on the genuine copies; and 2) plaintiff's enforcement activities are well publicized.

11. The affidavit of Ms. Yang estimates that approximately 60 videodiscs may be subject to seizure. Therefore, a bond of $10,000 is suggested, substantially more than twice the value of the items expected to be seized.

12. In accordance with 17 U.S.C. §503 and Rule 65 of the Federal Rules of Civil Procedure, plaintiff will post a bond in such sum as the Court deems proper for the payment of costs and damages which may be incurred or suffered by defendants if it is found that the Order of Seizure was wrongfully issued. If a larger number of illegal copies are found than what is anticipated, plaintiff will post whatever additional bond the Court deems appropriate.

13. Wherefore, it is respectfully requested that this Court, without notice to the defendants, issue an Order for Seizure and impoundment to be executed by the United States Marshal pursuant to 17 U.S.C. § 503, 15 U.S.C. § 1116(d) and Rule 65 of the Federal Rules of Civil Procedure; approve a bond in the amount of $10,000; and order the file in this case sealed temporarily.

14. No previous application for similar relief has been made.

Dated:  New York, New York
        Sept. 17, 2007

                                            _____
                                            Harvey Shapiro