# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - -x   07-CIV-8297(SHS)
U2 HOME ENTERTAINMENT, INC.,                 :
                                             :
            Plaintiff,                       :
                                             :
       vs.                                   :
                                             :
XIU HUI CHEN AND "JOHN DOES" II THROUGH      :
V DOING BUSINESS AS "BROADWAY AUDIO"         :
                                             :
            Defendants.                      :
- - - - - - - - - - - - - - - - - - - - - -x

**AFFIRMATION OF HARVEY SHAPIRO IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST**
**XIU HUI CHEN DOING BUSINESS AS "BROADWAY AUDIO"**

HARVEY SHAPIRO, hereby affirms and states under penalty of perjury as prescribed by 28 U.S.C. § 1746:

1. I am an attorney with the firm Sargoy, Stein, Rosen & Shapiro, attorneys for plaintiff in the above entitled action. I am admitted to practice before this Court and am familiar with all the facts and circumstances in this action. I submit this affirmation in support of plaintiff's motion for the entry of a default judgment against the defendant Xiu Hui Chen d/b/a "Broadway Audio" (hereinafter referred to as "Defendant".)

2. This is an action for copyright infringement arising from Defendant's distribution of illegally duplicated copies of plaintiff's copyrighted motion pictures.

3. Jurisdiction of the subject matter of this action is based on 28 U.S.C. §1338(a).

4. This action was commenced on September 24, 2007 by the filing of the Summons and Complaint. At the time of the filing of the Complaint, plaintiff did not know the identities of the persons doing business as "Broadway Audio" store, therefore defendants were identified as "John Does". Also on September 24, 2007, on plaintiff's <u>ex parte</u> application, Judge Hellerstein issued an Order of Seizure providing, <u>inter alia</u>, for the seizure of unauthorized copies of plaintiff's copyrighted motion pictures and any equipment being used to produce such unauthorized copies from defendants. This seizure was executed on October 6, 2007, resulting in the impoundment of approximately 818 unauthorized copies of plaintiff's motion pictures.

5. On December 12, 2007, the complaint was amended to name Chen as a defendant. As set forth in the affidavit of Alan Huie, she was operating the store at the time of seizure. Thereafter, Defendant Chen was served with a copy of the Amended Summons and Amended Complaint. Proof of such service has been e-filed with the Court.

6. It is not believed that Defendant is an infant or incompetent.

7. This is a clear case of copyright infringement. As set forth in the affidavits submitted in support of plaintiff's application for an Order of Seizure and the affidavit of Alan T. Huie submitted herewith, Defendant has been engaged in the unauthorized importation, duplication and/or distribution of

2

counterfeit unauthorized copies of plaintiff's motion pictures. The seized copies are reflective of only one day's inventory of unauthorized plaintiff's motion pictures and represent only the "tip of the iceberg" of Defendant's infringing activities. Based upon this evidence, an award of increased statutory damages would be appropriate. However, plaintiff requests only the minimum statutory damage award in light of the large number of works infringed.

8. As discussed in the Memorandum of Law submitted herewith, plaintiff is entitled to statutory damages under the Copyright Act. As set forth in the affidavit of Alan T. Huie, submitted herewith, plaintiff requests statutory damages in the amount of $690,000.00. This represents the minimum award of statutory damages under the Copyright Act of $750.00 for each of 920 copyrighted works infringed.

9. These facts also warrant the recovery of plaintiff's costs including reasonable attorneys' fees. The award of costs including reasonable attorneys' fees is discretionary with the Court and may be awarded to the prevailing party. 17 U.S.C. § 505. These fees encompass the preparation of the Summons, Complaint, the Amended Complaint, Order of Seizure, supporting affidavits, memorandum of law and civil cover sheet; coordination with United States Marshal service; court appearances; preparation of pleadings and affidavits in support of this motion; and related work product and advice. In addition,

3

plaintiff seeks recovery of its out of pocket costs. However, if plaintiff is awarded the requested amount of statutory damages of $690,000.00, plaintiff will waive its claim for costs including reasonable attorneys' fees.

10. Further, plaintiff also seeks the entry of a permanent injunction enjoining Defendant from future acts of infringement.

WHEREFORE, it is respectfully requested that a default judgment be entered against Defendant as follows: 1) awarding plaintiff statutory damages under the Copyright Act of $690,000.00; 2) awarding plaintiff its costs of suit including reasonable attorney's fees if plaintiff is not granted statutory damages; and 3) permanently enjoining Defendant from infringing plaintiff's copyrights.

Dated:   New York, New York
         Feb. 6        , 2008

                                    _____
                                            Harvey Shapiro